COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


SHARON B. LANG

                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1491-96-1     JUDGE NELSON T. OVERTON
                                         FEBRUARY 11, 1997
JAMES A. LANG


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
               Morris B. Gutterman, Judge Designate

           Moody E. Stallings (Kevin E. Martin-Gayle;
           Stallings & Richardson, P.C., on brief), for
           appellant.

           Lorin D. Hay for appellee.


     Sharon B. Lang (wife) appeals the ruling of the trial court

awarding her one-half of James A. Lang's (husband) taxable

retirement income.  For the reasons stated, we reverse and

remand.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     Prior to divorce, husband and wife reached an agreement on

spousal support, which was incorporated into the final divorce

decree.  The agreement called for husband to pay wife $1,000

per month, and for wife to receive, "when the husband elects to

receive the same and does, in fact, commence receiving the same,

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

fifty percent of twenty years worth of creditable military retirement pay . . . ."  At the time of the final decree, husband was on active duty in the United States Navy.

Before husband could retire, he was found unfit for service and was medically retired.  He began receiving a combination of disability compensation in the amount of $2,017 and taxable retirement income of $427, totalling $2,444.  Wife initiated an action to determine the proper amount of support she was to receive.

The judge ruled that the creditable military retirement pay totalled $427, and that wife was to receive half of that amount.  We disagree.  The agreement allowed wife half of "twenty years worth of creditable military retirement pay," when and if husband begins receiving it.  We find that husband is not receiving twenty years of retirement pay, but rather an abbreviated retirement pay due to his disability compensation.  Because the triggering event has not occurred, the spousal support agreed upon was not modified.  Husband therefore continues to be obligated to wife for $1,000 per month.

We reverse and remand with instructions to enter an award not inconsistent with this opinion.

Reversed and<br>remanded.